UNITED STATES of America,
Plaintiff-Appellee,

v.

John E. BECKLEY, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Anderson STONE, Jr., Defendant-Appellant.

Nos. 15789, 15790.

United States Court of Appeals
Sixth Circuit.

July 20, 1964.

Roger Boesky, Detroit, Mich., for Stone.

Henry Heading, Detroit, Mich., on brief for Beckley.

Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief, for appellant.

Before CECIL and O'SULLIVAN, Circuit Judges, and BAILEY BROWN, District Judge.

BAILEY BROWN, District Judge.

John E. Beckley and Anderson Stone, Jr., defendants-appellants, were charged in an indictment with knowingly, and with intent to defraud the United States, smuggling, receiving and concealing marihuana which they knew had been imported into the United States contrary to law (Count I) and with conspiring to do these same acts (Count II) in violation of 21 U.S.C. § 176a.

They waived a jury trial, and the trial court found Beckley guilty as to both counts and found Stone guilty as to Count II. The Court made a general finding but did not make a special finding of fact as there was no such request under Rule 23(c). In this appeal they contend that the trial court erroneously overruled their motions to suppress evidence. The trial court, from the record, could have found the following facts which are relevant to the issues here.

A sealed package was deposited in the United States mail in the Canal Zone and addressed to defendant Beckley at his home in Detroit. The package was designated for air parcel post, weighed between nine and ten pounds, and bore postage of $8.00. This amount was less than air mail letter (first class) postage. Attached to the package was a customs declaration indicating that it contained two wall mats, four pillow cases and two dress robes of a total value of $23.00. When the package arrived at a post office in Miami, a Customs Entry Clerk examined the attached declaration and, suspicious that it contained items other than those listed, without a search warrant opened the package. He then called a Customs Agent, experienced in such matters, who confirmed that the package contained marihuana. Thereafter, a sample was taken from the package, and the package was rewrapped as nearly as possible as it had been prior to opening. The package was then sent by air to the postmaster at Detroit. There a postal inspector arranged to have the package delivered the next day by a post office motor vehicle driver to the home of defendant, Beckley, the addressee, after which, a warrant having been obtained, the package and contents were seized.

Defendants contend that the trial court should have suppressed the evidence having to do with the mailing of the marihuana to and receipt thereof by defend-

ant Beckley. Boiled down, they contend, first, that the opening of the package at Miami without probable cause and a search warrant constituted an unlawful search, which, if true, would have required suppression of all of this evidence. (They also contend that the search warrant obtained at Detroit was thus based on illegally gained information, but this raises the same question.) Secondly, they contend that the customs and post office employees violated federal statutes and regulations in delaying the package at Miami and at Detroit, in not placing a seal on the package indicating it had been opened, and in failing to confiscate the marihuana when it was discovered. Defendants contend that these alleged violations should have prevented the use of all, or at least some, of this evidence.

With respect to the alleged illegality of the search at Miami, defendants contend that, there being neither probable cause nor a search warrant, the opening of the package was a violation of federal statutes and regulations and was a violation of their Fourth Amendment rights. The Government contends that, without either probable cause or a search warrant, the opening of the package violated no statute or regulation and violated no Fourth Amendment rights. (Actually, the Government could have plausibly contended that there was probable cause for a customs search, but this contention would have availed it nothing because there was obviously ample time to obtain a search warrant.)

■ We conclude that the opening of the package violated no statute or regulation and, indeed, was authorized by the customs and postal statutes and regulations.

Title 19 U.S.C. § 126 provides that all laws affecting imports of merchandise from foreign countries shall apply to merchandise coming from the Canal Zone. Sec. 1499 requires that not less than one package of "imported merchandise" under every invoice and not less than one such package of every ten packages

be opened and examined by customs agents unless the Secretary of the Treasury is of the opinion that examination of a less proportion will protect the revenues and by regulation or instruction permits a less number to be examined. Moreover, by Treasury Department regulation (19 C.F.R., § 9.5) the opening of sealed parcel post packages by customs agents is authorized immediately upon receipt. And the package involved here was under the postal law (39 U.S.C. § 4301(2)) an "air parcel post" package. So far as the postal regulations are concerned, an imported parcel post package may be opened without formality even though sealed. 39 C.F.R. § 151.3(a).

As stated, defendants contend that even if the opening of the package at Miami was not prohibited by customs and postal statutes and regulations, the Fourth Amendment requires probable cause and a search warrant. Such cases as Matter of Jackson, 96 U.S. 727, 24 L.Ed. 877 (1878) and Oliver v. United States, 239 F.2d 818, 61 A.L.R.2d 1273 (C.A.8, 1957) do hold that these requirements of the Fourth Amendment may be applicable to mail moving entirely within the country. The requirement of a warrant, it appears from these cases, is applicable if first class (the highest rate) postage has been paid, for in that event the postal authorities have no reason to open the package to determine whether, because of the contents, additional postage is required. Here first class postage was not paid on the package.

■ We, however, prefer to rely on another principle and that principle is that Fourth Amendment standards applicable to mail matter moving entirely within the country are not applicable to mail matter coming in from outside the country at least where it appears that a customs determination must be made. There seem to be no adjudicated cases dealing with the necessity of probable cause and search warrants for inspection of imports by mail, but there are many

cases holding or indicating that such is not required generally for searches by customs agents at the borders of the country.

In *Carroll v. United States*, 267 U. S. 132, at page 153, 45 S.Ct. 280, at page 285, 69 L.Ed. 543 (1925) the Court said:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. *Travelers may be so stopped in crossing an international boundary, because of national self-protection reasonably requiring one entering the country to identify himself as entitled to come in, and his belongings as effects which may be lawfully brought in.* But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise." (Emphasis added.)

In *Murgia v. United States*, 285 F.2d 14, at page 17 (C.A.9, 1960), cert. denied 366 U.S. 977, 81 S.Ct. 1946, 6 L.Ed.2d 1265 (1961), the Court said:

"The right of border search does not depend on probable cause. *Carroll v. United States*, 1924, 267 U. S. 132, 154, 45 S.Ct. 280, 69 L.Ed. 543. Cf.: *People v. Brown*, 1955, 45 Cal.2d 640, 290 P.2d 528; *Johnson v. United States*, 1948, 333 U. S. 10, 16–17, 68 S.Ct. 367, 92 L. Ed. 436; *People v. Simon*, 1955, 45 Cal.2d 645, 290 P.2d 531. '[The] searches of persons entering the United States from a foreign country are in a separate category from searches generally * * * [and] "are totally different things from a search for and seizure of a man's

private books and papers. * * *."' *King v. United States*, 5 Cir., 1958, 258 F.2d 754, at page 756, certiorari denied 359 U.S. 939, 79 S.Ct. 652, 3 L.Ed.2d 639, quoting *Boyd v. United States*, 1886, 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746. Cf.: *Blackford v. United States*, 9 Cir., 1957, 247 F.2d 745, certiorari denied 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed. 2d 586; *United States v. Yee Ngee How*, D.C.N.D.Cal.1952, 105 F.Supp. 517."

See also: *Landau v. United States*, 82 F.2d 285 (C.A.2, 1936) and *Olson v. United States*, 68 F.2d 8 (C.A.2, 1933).

■ There seems to be no reason why these principles should not apply to mail coming into the country, especially where, as here, there is a representation on the package that it contains merchandise.

Having held that the search of the package by the customs agents at Miami was not an illegal search, we come now to defendants' second major contention. This contention is that the delay of the package at Miami and at Detroit, the failure to place a stamp on the package indicating that it had been opened, and the failure to confiscate the marihuana when it was discovered were violations of federal statutes and regulations. It follows, defendants argue, that all or at least some of this evidence should have been suppressed. Before passing to a discussion of these contentions, we should point out that defendants have not asserted the defense of entrapment. We do not, of course, mean to indicate that this defense might have been available to them.

■ With respect to the delay at Miami, as we have held that the search there was legal in that it was not prohibited by federal statutes and regulations and did not violate Fourth Amendment rights, it would certainly follow that this delay, incident to the search, would not violate federal statutes or regulations.

■ With respect to the delay of this package subsequent to its being

rewrapped and sent to Detroit, defendants argue that this delay constituted a violation of Title 18, §§ 1701–1703, which have to do in general with unlawful delays and obstructions of the mails. At the same time they argue, inconsistently we think, that the law was violated when the marihuana was not confiscated upon its discovery. Certainly, having the duty to confiscate, there was no violation of the statutes by delaying the delivery.

■ Even if there were violations of federal statutes both in delaying the package and in failing to confiscate, these violations would not be a basis for suppressing evidence. In United States v. Davis, 272 F.2d 149 (C.A.7, 1959), it appears that federal customs agents saw one Esquivel purchasing marihuana in Mexico. He indicated a willingness to co-operate with the agents, and thereafter they, Esquivel being in his car and the agents in their cars, drove together to Illinois. The arrest of the defendant was made in Illinois when he received some of the marihuana from Esquivel. After his conviction and upon appeal, defendant contended that the evidence should have been suppressed because, he contended, the agents violated federal statutes in, among other things, failing to confiscate the marihuana when it came into this country and in allowing it to be transported to Illinois. The Court held that such violations would not require suppression of the evidence, saying at page 153:

> "In [the] Nardone, Upshaw and Rea [cases] [Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L. Ed. 314; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L. Ed. 100; Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233], the evidence sought to be introduced was gained directly through the admitted violation of federal law. Further, those cases involved basic personal rights. Neither of these

conditions is to be found in the case before us.

> \* \* \* \* \* \*

> "However, assuming, *arguendo*, that the conduct of one or more of the federal agents *was* in violation of one or more of the federal statutes under consideration, we do not believe this case comes within the holdings of Nardone, Upshaw and Rea. None of the statutes discussed were designed for the protection of marihuana dealers. None of them conferred any rights upon appellant. The allegedly illegal course of conduct of the agents neither deprived appellant of any substantial personal right nor violated any deep-rooted social value. In such a situation, short of the defense of entrapment (not present here) or the overriding principles of Nardone, Upshaw and Rea, appellant's estoppel theory is without merit. We hold that the trial court did not err in overruling the appellant's motion to suppress evidence."

■ Defendants also make the contention that a failure to place a seal on the package indicating it had been opened, in violation of a Treasury Department regulation (19 C.F.R., § 9.5), is a proper basis for suppression of evidence. Actually, the record is not clear as to whether or not such a seal was placed thereon. In any event, under the holding in the Davis case, supra, which we follow, this would not be a basis for suppression. Moreover, there seems to be some question as to whether a violation of an administrative regulation, as opposed to a statute, is a basis for suppression of evidence. Compare Oliver v. United States, 239 F.2d 818, 61 A.L.R.2d 1273 (C.A.8, 1957) with United States v. Schwartz, 176 F.Supp. 613 (E.D.Pa., 1959).

We conclude that the trial court committed no error in refusing to suppress this evidence and therefore the judgments below will be affirmed.