**UNITED STATES of America,
Appellee,**

v.

**Gerritt Johannes VAN LEEUWEN,
Appellant.**

**No. 23449.**

United States Court of Appeals
Ninth Circuit.

May 29, 1969.

Certiorari Granted Oct. 27, 1969.

See 90 S.Ct. 175.

Craig G. Davis (argued), Bellingham, Wash., for appellant.

William H. Rubidge (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and *SOLOMON, District Judge.

SOLOMON, District Judge:

Gerritt Johannes Van Leeuwen was convicted of illegally importing gold coins into the United States in violation of 18 U.S.C. § 545. He asserts the post office violated the Fourth Amendment when it detained two first class packages without a warrant. He also asserts an affidavit in support of a search warrant was insufficient. We reverse on the basis of Appellant's first claim.

On March 28, 1968, at about 1:30 P. M., Appellant mailed two twelve-pound packages at the post office in Mount Vernon, Washington. He sent both packages by first class mail and insured each for $10,000. Appellant told the postal clerk that the packages contained coins. As Appellant was leaving the post office, the clerk told Captain Belgard of the Mount Vernon police that he was suspicious of the packages. Captain Belgard noticed that Appellant's car had British Columbia license plates and that the return address on the packages was a vacant housing area of a neighboring junior college.

Captain Belgard called Sergeant McKenzie of the Canadian police, who, in turn, called R. J. O'Hearn, Customs Officer-in-charge at Seattle, Washington. At about 3:00 P.M. O'Hearn called the Customs office in Van Nuys, California, the destination of one of the packages. He learned that the addressee was under investigation for trafficking in illegal coins. O'Hearn could not reach the Customs office at Nashville, Tennessee, the destination of the other package, because of the time difference. When he called the next morning, he learned that the addressee of the second package was also suspected of trafficking in gold coins. O'Hearn secured a search warrant and opened the packages at 6:30 P. M. on March 29. The Mount Vernon post office detained the packages for 29 hours, between the time they were mailed and the execution of the warrant. No judicial officer authorized this detention.

First class mail is protected by the Fourth Amendment. Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877 (1878). Oliver v. United States, 239 F.2d 818, 61 A.L.R.2d 1273 (8th Cir.1957). In Lustiger v. United States, 386 F.2d 132 (9th Cir.1967), the Court said:

"The protection against unreasonable search and seizure of one's papers or other effects, guaranteed by the Fourth Amendment extends to their presence in the mails. * * * Thus, first class mail *cannot be seized and retained*, nor opened and searched, without the authority of a search warrant." 386 F.2d at 139. (Emphasis added.)

The Fourth Amendment protects "the right of the people to be secure * * * in their papers and effects, against unreasonable searches and seizures." The information known to Captain Belgard immediately after Appellant mailed the packages would reasonably have justified a brief detention, without a warrant, while a further investigation could be made. Terry v. Ohio, 392 U.S. 1, 20–21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *cf.* Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

By 3:00 P.M., O'Hearn knew that the addressee of one of the packages was under investigation for trafficking in gold coins. This additional fact supplied probable cause to search the packages. Instead, O'Hearn decided to wait until the following day so he could call the customs office at the destination of the second package. This decision represents an understandable exercise of caution. Nevertheless, as a result of this delay, the packages were detained for 29 hours at the post office. This period was unreasonably long, and the officers should have obtained a war-

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

rant authorizing the detention. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Lustiger v. United States, *supra*; *see* Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

In *Katz*, the Government urged the Court to "retroactively validate" the conduct of its agents who had eavesdropped on the defendant's telephone conversations. The Government argued that the agents "did no more than they might properly have done with prior judicial sanction." 389 U.S. at 356, 88 S. Ct. at 514. The Court rejected this argument:

> "It is apparent that the agents in this case acted with restraint. Yet the inescapable fact is that this restraint was imposed by the agents themselves, not by a judicial officer. * * * Searches conducted without warrants have been held unlawful 'notwithstanding facts unquestionably showing probable cause,' * * * for the Constitution requires 'that the deliberate, impartial judgment of a judicial officer * * * be interposed between the citizen and the police * * *.'" 389 U.S. at 356–357, 88 S.Ct. at 514.

In the present case, the length of time that the packages were retained by the post office made prior judicial authorization necessary.

The Government cites United States v. Beckley, 335 F.2d 86 (6th Cir.1964). There, the package involved was mailed from outside the country and was not in first class mail.

 The Government also contends that Appellant has no standing to object to the seizure because he was not the addressee or the return addressee of the packages. There is no merit to this contention. Jones v. United States, 362 U. S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

The seizure of Appellant's packages violated his rights under the Fourth Amendment and the gold coins should not have been admitted in evidence. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

Reversed.

CHAMBERS, Circuit Judge (concurring):

I think I am as sensitive as anyone to the Fourth Amendment in protecting one's person and one's home. But the detention of Van Leeuwen's "hot money" at the post office for 29 hours does not offend me very much. Someone in the post office holds up much of my mail over 29 hours.

I concur in the reversal only because I think precedent, which we must follow, requires us to reverse.