**UNITED STATES of America, Appellee,**

v.

**Gerritt Johannes VAN LEEUWEN, Appellant.**

**No. 23449.**

United States Court of Appeals, Ninth Circuit.

June 19, 1970.

W. H. Rubidge (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Craig Davis (argued), Bellingham, Wash., for appellant.

Before CHAMBERS and KOELSCH, Circuit Judges, and SOLOMON, District Judge*.

SOLOMON, District Judge:

This case came before us on Van Leeuwen's appeal from a judgment of conviction for illegally importing gold coins into the United States in violation of 18 U.S.C. § 545. We reversed because we found Van Leeuwen's Fourth Amendment rights had been violated when the Post Office detained two first class packages without a warrant. United States v. Van Leeuwen, 414 F.2d 758 (9th Cir. 1969).

The Supreme Court of the United States reversed. United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (Mar. 23, 1970). This case is now before us to consider Van Leeuwen's contention, not decided in our original opinion, that the affidavit in

* Honorable Gus J. Solomos, United States District Judge, District of Oregon, sitting by designation.

support of the search warrant was insufficient. The parties have stipulated that we may do this on the original record and briefs.

We find that the affidavit supporting the search warrant showed that all the information came from law enforcement officers, who informed the Customs Agent making the affidavit that (1) the addressees on the package were known dealers in the illegal traffic of gold coins, (2) the return address on the package was an unoccupied house, (3) the person who mailed the package in Washington was driving an automobile with Canadian license plates, (4) Van Leeuwen, when he mailed the package, told the Postal Clerk that the package contained coins, and (5) Van Leeuwen insured the package for $10,000.

This information supplied an ample basis for the issuance of a search warrant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Porter v. United States, 335 F.2d 602 (9th Cir. 1964).

The District Court judgment is affirmed.