**UNITED STATES of America,
Plaintiff,**

v.

**Leslie Hugh OUTLAND, Defendant.
Crim. No. 46603.**

United States District Court,
E. D. Michigan, S. D.

July 14, 1972.

---

Ralph Guy, Jr., U. S. Atty., by Robert P. Hurlbert, Asst. U. S. Atty., for plaintiff.

Richard M. Lustig, Southfield, Mich., Atty. for defendant.

## OPINION AND ORDER

KEITH, District Judge.

The defendant herein, who has been indicted on a two-count indictment charging him with violation of § 952(a), Title 21 and § 841(a) (1), Title 21 U.S. C., to-wit: importation and possession of marijuana, has moved the Court to suppress all evidence obtained by the use of two search warrants to search 251 E. Oakridge, Ferndale, Michigan, and 661 W. Lewiston, Ferndale, Michigan. The defendant contends that the evidence taken from the two residences were taken unlawfully in that the search warrants did not comply with the requirements of the Fourth Amendment. The defendant also claims, by way of an amended brief, that the manner of obtaining and executing the warrants violated the defendant's due process rights.

The two packages in question, en route to the two addresses set forth above, were taken from the ordinary course of mail by an employee of the International Mail Division for purposes of a test to determine the contents of the packages. The packages were later delivered to the two addresses in question so that search warrants could be obtained to search the premises, to which the packages were addressed.

The defendant asserts that the affidavits in support of the two search warrants do not present facts and circumstances upon which a magistrate could find probable cause to believe the items sought were on the premises to be searched. The government held the packages for 85 days after discovery of the alleged marijuana, then requested two search warrants—one for each of the above addresses—and delivered the packages to the addresses prior to executing the warrants. The packages were delivered to the residences after

4:30 on a Friday afternoon when there was no magistrate available. The defendant was not arraigned until Monday. During the intervening period of incarceration, a statement was taken from the defendant, as well as handwriting and other materials necessary to hold the defendant for an indictment.

■ The alleged marijuana was discovered when the packages were subjected to customs inspection upon their arrival in Detroit from Germany. The Government urges, on the authority of United States v. Beckley, 335 F.2d 86, 88 (6th Cir. 1964), that the "standards applicable to mail matter moving entirely within the country are not applicable to mail matter coming from outside the country at least where it appears that a customs determination must be made." Admittedly, the Fourth Amendment standards for border searches are looser than those for situations where the property searched never leaves the country. But the time period during which the packages were held prior to their delivery and the subsequent search in the case at hand was so unreasonable as to render the search illegal. Assuming the search by customs and postal authorities was legal because of the less stringent Fourth Amendment standards in such circumstances, the subsequent search of the addressees' premises and the accompanying arrest were unreasonable because the delay in delivering the packages was so extreme. In the view of the Court, such unreasonableness tainted the entire investigation.[1] For even if nobody's constitutional rights were violated as a result of the so-called "border search," the defendant's Fourth Amendment rights were certainly violated by the subsequent events—as will be set forth below. It must be emphasized at this point that the principles applicable to the necessity of probable cause and search warrants for inspection of imports by mail are not necessarily the same as the more clearly defined principles applicable to customs inspections of vehicles and of the belongings and effects of persons entering the country.[2] (The case law dealing with the requirements of probable cause and search warrants for inspection of imports by mail is virtually non-existent.)

An agent of the Bureau of Customs obtained the search warrants from a magistrate by swearing that the packages, then in the hands of the Postal Inspector in Detroit, would be delivered to the addresses in question the following day. As noted previously, tests were performed on the packages about three months before the warrants were sought in order to determine the contents of the packages. It is not clear where the packages were kept for the intervening three months, nor is it clear that the packages which were finally mailed to the premises to be searched were in fact the packages originally thought to be containing the marijuana. Certainly the affidavits in support of the warrants does not disclose what happened to the packages during the three month period. The affidavits upon which the search warrants issued simply swore that it was expected that the packages containing the marijuana would be on the premises to be searched the following day.

---

1. *Beckley* seems to suggest that delay in delivery of contraband is not improper. But *Beckley* is not controlling in the instant case since the delay in *Beckley* seems to have been of extremely short duration.

2. The defendant asserts that the governmental authorities in the instant case violated two federal criminal statutes: 18 U.S.C. § 1702 forbidding the obstruction of correspondence; and 18 U.S.C. § 1703 forbidding postal employees from improperly delaying, opening or destroying mail. Although it is possible, on the facts presented, that the authorities violated the statutes, the search and seizure procedure followed in the instant case was so defective that the Government would not prevail even if it were found not to have violated the above cited statutes. This Court therefore makes no finding with respect to the alleged violations of the 18 U.S.C. § 1702 and 18 U.S.C. § 1703.

■ Probable cause for the issuance of a search warrant usually can be shown only by facts and circumstances which indicate with particularity that a crime is being committed on the premises or that the objects sought are upon the premises. The magistrate should be able to conclude that there is a substantial indication that the objects sought by the warrant were probably present upon the property to be searched. Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). The defendant contends that there must be some showing of *present* criminal activity, or the presence of contraband *upon the premises* in order to establish probable cause for a search warrant. There is authority that at least an observation of the packages being delivered or going into the buildings for which the search warrant is authorized should be required. United States v. Old Dominion Warehouse, Inc., 10 F.2d 736 (2nd Cir. 1936). But the Court herein does not need to consider whether the items to be searched for must always be present at the premises to be searched at the time that the warrant is issued. For the Government has violated the strictures of the Fourth Amendment absent such a finding.

■ It is of some significance that the Government, presently possessing the packages, was able to obtain warrants to search for them at other addresses. Since the Government had been in possession of the packages for almost three months, it is unable to claim that it merely followed the packages to their respective destinations after discovering the nature of their contents. Obviously, the Government through the Bureau of Customs, was communicating with the Postal Inspector rather than the regular postal delivery personnel to see that the packages were delivered at a point considerably removed in time from the point at which there was a purported determination of the contents of the packages. It is true that the reviewing court may consider only information brought to the magistrate's attention. Aguilar v. Texas, 378 U.S. 108, 109, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). But a meaningful examination of the affidavit would unquestionably have indicated to the magistrate in the instant case that nothing was said about the chain of custody of the packages for nearly a three month period, nor about whether the contents of the packages remained unchanged during that period. Furthermore, the facts alleged in the affidavits (inter alia, that the packages were in the custody of the Postal Inspector rather than the regular delivery personnel) should have alerted the magistrate that there would be probable cause to search the premises in question only if the Government sought to create that probable cause by delivering the packages. Governmental authorities may, of course, refrain from apprehending suspects or seizing property until they reach their destination. But the Government may not be permitted to transmit contraband to premises that it desires to search long after it has broken the course of movement of the supposed contraband. Even though this Court does not think it necessary to concern itself with whether probable cause must exist at the very moment that the warrant issues, it feels constrained to hold that the state cannot create probable cause at times of its choosing, through its own affirmative acts (e. g. holding the flow of mail in abeyance for a considerable period of time).[3] Were it otherwise, the constitu-

3. Mr. Justice Douglas' opinion in United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970), is instructive. Douglas thought that the detention of mailed packages for 1½ hours for an investigation did not constitute an unreasonable search and seizure on the facts of that case. Douglas stressed that at the end of the 1½ hours investigation, probable cause existed for believing the package was part of an illicit project. Although there was a 29-hour delay between the mailings and the service of the warrant, it was emphasized that the Court was making no rule that a delay of even 29 hours was reasonable —only that the delay was reasonable given the facts of the particular case.

tional prohibition against unreasonable searches and seizures would be considerably diluted. And when, or whether, a person's home is searched would depend on when, or whether, the Government chooses to deliver the person's mail.

The Government may or may not have had probable cause to search the packages themselves, but it certainly did not have probable cause to search the premises to which the Government sent the packages. This case turns not on whether the customs search was legal— for the purpose of disposing of this case, it may be assumed that the customs search was legal. Rather, this case turns on the breach of the privacy of the defendant's premises—to which one of the packages was sent.

There was no criminal activity on the premises for which the warrant was sought; and since the Government had long ago foiled the alleged illegal project of transmitting marijuana through the mail, the Government would have had no excuse for searching the premises of defendant had it not manufactured one. The customs Bureau agent stated in his affidavit as follows:

"That on December 3, 1971, it is suspected that the above described package will be in said residence after 9:00 o'clock a. m. by reason of its delivery in the ordinary course of mail delivered by the United States Postal Service and said package is now in the custody of Postal Inspector, Russel B. Mabry, Detroit, Michigan."

Since the package was in the custody of the Postal Inspector instead of the Postmaster or regular deliveryman, the agent should have stated the source of the information upon which was based his "suspicion" that the package was to be delivered the next day. He should further have vouched for his source's reliability—particularly in light of the fact that the packages had been in an unknown place for 85 days.

■ The Fourth Amendment requires that facts and circumstances, not mere conclusions, be presented to the magistrate in order to present a showing of probable cause upon which a search warrant may issue. Aguilar v. Texas, supra. As the Court said in Giordenello v. United States, 357 U.S. 480, 486, 78 S. Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958),

"The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that a complaint was made on the personal knowledge of the complaining officer."

The underlying circumstances must be presented to the magistrate, and some statement of reliability must be incorporated into the affidavit so that the magistrate can conclude that the person upon whose observation the warrant is to issue, and who is not before the Court, may be regarded as credible. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In conclusion, the affidavits in support of the two search warrants did not

---

Since it was noted that on the facts of the case, a 1½ hours detention before a determination of probable cause, and a total delay of 29 hours were not reasonable, surely a lapse of 85 days of the facts of the instant case would have been held unreasonable.

The Government's brief in the instant case relies heavily on United States ex rel. Beal v. Skaff, 418 F.2d 430 (7th Cir. 1969). But that case is readily distinguishable from the one at hand.

The warrant in *Skaff* was issued 19 minutes before the parcel was delivered in the mail; and even though the parcel was intercepted and tested by postal authorities, it was delivered the day after its interception by regular mail delivery— there was no lengthy intervening period. There is also the critical distinction that the facts indicating the "underlying circumstances" were set forth at some length. At 432.

justify the magistrate in his finding of probable cause to believe the items sought were upon the premises to be searched. This Court therefore grants the defendant's motions to quash search warrants and suppress evidence. In view of the disposition of the defendant's motions, the Court does not find it necessary to entertain the defendant's due process claims. However, if the circumstances surrounding the delivery of the packages and the taking of incriminating statements from the defendant were as described, what occurred was an example of official lawlessness which cannot be tolerated in a civilized society.

So ordered.