**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Leslie Hugh OUTLAND, Defendant-Appellee.**

**No. 72–1930.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1973.

Decided April 12, 1973.

---

Robert P. Hurlbert, Asst. U. S. Atty., for plaintiff-appellant; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Richard M. Lustig (Court appointed), Zemke & Lustig, P. C., Southfield, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The Government appeals from the District Court's suppression of evidence seized under two search warrants. The facts of the case are detailed in the District Court's opinion. 345 F.Supp. 1250 (E.D.Mich.1972). For the herein stated reasons, we reverse and remand for an evidentiary hearing.

The District Court suppressed the evidence for two reasons: (1) postal and customs authorities waited 85 days after seizing the contraband in a Customs inspection of two mailed packages before seeking search warrants the day before delivering the packages; (2) the affidavits upon which the warrants were based were insufficient because they did not establish a chain of custody of the contraband during the 85 days and did not indicate how the Customs agent knew the packages were to be delivered the following day.

■ This court holds that the affidavits [1] were sufficient under the Su-

---

1. Both affidavits read, in part, as follows:
"Information was furnished to Gary Wade, Special Agent, Bureau of Customs, Detroit, Michigan, from George Murto, Supervisor of the International Mail Division, Detroit, Michigan, on September 8, 1971, that a package addressed to: (here addresses were inserted in each affidavit) had been subjected to a routine Customs examination on September 8, 1971 by George Murto and found to contain approximately two pounds of suspected hashish concealed in a candle. That on December 3, 1971 it is suspected that the above described package will be in said residence after 9:00 o'clock A.M. by reason of its delivery in the ordinary course of mail delivery in the ordinary course of mail delivered by the United States Postal Service, and said package is now in the custody of Postal Inspector Russel B. Mabry, Detroit, Michigan. Further, that Special Agent Gary Wade performed a field test on the suspected hashish and received positive results. An inquiry directed to Postal authorities indicated

preme Court's mandate in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1964), to test affidavits for warrants "in a common-sense and realistic fashion." The underlying circumstances were sufficiently presented to the magistrate to justify the issuance of the warrants. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The chain of custody of the contraband would possibly be necessary to show guilt beyond a reasonable doubt at trial, but was not necessary for the finding of probable cause for the issuance of the warrant. *Cf.* United States v. Harris, 403 U.S. 573, 584, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1970).

When the magistrate was told by the Customs official in his affidavit that the packages, then in the hands of a postal inspector, would be delivered by the United States Postal Service, there was probable cause to believe such packages would be so delivered.

As for the delay between the seizure of the contraband and the seeking of the warrants, we find nothing in the record to show that this delay was unreasonable. We remand this case for an evidentiary hearing at which the District Court will adduce the reasons for delay and any possible prejudice to the defendant caused by the delay. The mere showing of delay does not per se transform the legal seizure, United States v. Beckley, 335 F.2d 86 (6th Cir.), cert. denied, Stone v. United States, 380 U.S. 922, 85 S.Ct. 921, 13 L.Ed.2d 807 (1964), into a violation of the Fourth Amendment.

The District Court's use of United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970), to support its holding on the delay is erroneous. That case concerned domestic mail not international mail, as in the case at bar. As this court stated in *Beckley, supra*: "Fourth Amendment standards applicable to mail matter mov-

ing entirely within the country are not applicable to mail matter coming in from outside the country. . . ." 335 F.2d at 88.

Reversed and remanded.

that the addressee is residing at and receiving mail at the above address. /s/

Gary E. Wade, Special Agent, Bureau of Customs."