This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.

**In re David A. CRABTREE, Debtor.**

**Francis W. NORWOOD, Trustee of David A. Crabtree, Plaintiff,**

**v.**

**David A. CRABTREE; E. Ray Asbury, Postmaster; and Patricia Shelby, Defendants.**

Bankruptcy No. 3–83–01116.

Adv. No. 3–84–0009.

United States Bankruptcy Court, E.D. Tennessee.

Feb. 21, 1984.

Cadwalader, Wickersham & Taft, Mark C. Ellenberg, Washington, D.C., Walker & Walker, P.C., Mary C. Walker, Knoxville, Tenn., for plaintiff.

Lockridge & Becker, P.C., Jerrold L. Becker, James A. McIntosh, Knoxville, Tenn., for defendant Shelby.

Wilson S. Ritchie, Knoxville, Tenn., Zusmann, Small, Stamps & White, S.J. Zusmann, Jr., Atlanta, Ga., for defendant Crabtree.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The question before the court is whether the mail of defendant Patricia Shelby, the debtor's former personal secretary, should be redirected. The trustee contends Shelby is the agent and alter ego of the debtor and that she has served as a conduit of funds on the debtor's behalf since the filing of the involuntary petition. Denying she is the debtor's alter ego, Shelby asserts that redirection of her mail would be an unjustifiably overbroad invasion of her privacy.

### I

The trustee's complaint seeking redirection of mail addressed to either the debtor or Patricia Shelby was filed on January 12,

1984. After the court sustained Shelby's motion for a more definite statement, the trustee filed an amended complaint in support of his allegation that she is the alter ego of the debtor. On February 10, 1984, the court entered a judgment authorizing the redirection of mail addressed to the debtor or any one of sixty-eight (68) entities presently being delivered to five different addresses.[1] Such mail is to be received by a neutral third party, mail addressed to the debtor from any attorney currently or formerly representing him shall be turned over to him unopened, and any mail personal in nature and unrelated to property of the estate shall also be surrendered to the debtor. According to the trustee similar relief is necessary with respect to Shelby's mail.

An involuntary petition filed against the debtor on July 14, 1983, was sustained when an order for relief under chapter 7 was entered on August 22, 1983. Prior to the entry of the order for relief, on August 16, 1983, the court entered an order prohibiting, among other actions, the debtor from engaging in any transaction involving property exceeding $1,000.00 in amount or value.

Shelby admits that she was authorized to sign checks against two of the debtor's accounts with Valley Fidelity Bank & Trust Co. of Knoxville, Tennessee. The first account, the "DAC Rental Account," was opened on June 1, 1983. Checks were issued against this account in payment of the debtor's obligations. According to the trustee's testimony, some checks against this account may have been issued in July 1983. There is no documentation pertaining to this account in the record. However, Shelby apparently wrote checks against the second account, known as the "PAS—Special Account," through November 14, 1983, nearly three months after the entry of the order for relief. According to Shelby's answer[2] the "PAS—Special Account," opened

on July 6, 1983, was opened at the specific instruction of the debtor. She further avers that all deposits and disbursements were made in accordance with the debtor's specific instructions. The trustee testified that the checks written against the account appear to have been issued in payment of obligations of the debtor. Although the balance in this account was only $31.10 as of November 15, 1983, bank statements reflect that the sum of $35,259.01 was deposited to the account between July 6 and September 27, 1983.[3]

Shelby also concedes that she received some proceeds from the sale of a Ferrari automobile formerly owned by the debtor. She communicated with James Clifford, president of Classic Cars in Hilton Head, South Carolina, who apparently sold the Ferrari on behalf of the debtor. Shelby avers that upon the debtor's instructions a check representing proceeds was made payable to her as agent.

According to the trustee's testimony work orders for the reparation of a 43-foot boat, allegedly property of the debtor, were signed by Shelby on September 1, 1983. Admittedly Shelby was with the debtor when this vessel was left with Flagship Marine in Iuka, Mississippi. She also admits contacting Flagship Marine to determine whether progress had been made toward repair of the vessel. She maintains that she did so only upon instructions from the debtor and that he authorized the repair work on the vessel.

Shelby also concedes that she was formerly in charge of preparing the payroll for Norris Industries, Inc., a corporation in which the debtor has an ownership interest. However, she maintains that she is no longer employed with Norris Industries, Inc.

On cross-examination the trustee conceded he has no evidence that Shelby is either receiving or presently has documents relat-

---

1. *Norwood v. Crabtree,* 37 B.R. 426 (Bkrtcy. E.D.Tenn.1984).

2. Patricia Shelby neither testified nor appeared personally at the trial held on February 10, 1984.

3. The bank statements in the record reflect that the last deposit to the account was made in the amount of $1,538.46 on September 27, 1983.

ing to property of the debtor's estate. The trustee likewise conceded that he has no evidence that monies in the Valley Fidelity accounts were diverted by Shelby for her own use.

## II

■ The Fourth Amendment to the United States Constitution recites in material part: "The right of the people to be secure in their ... papers, and effects, against unreasonable searches and seizures, shall not be violated ...." First-class mail is within the scope of protection afforded by this amendment. *United States v. Van Leeuwen,* 414 F.2d 758 (9th Cir.1969), *rev'd* on other grounds, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970).

■ Section 542(e) of Title 11 of the United States Code provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, *or other person* that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to disclose such recorded information to the trustee. (Emphasis added.)

There is no evidence that Shelby currently has possession of either property or recorded information relating to property of the estate. The very aim of mail redirection in a bankruptcy context is to obtain property and information pertaining to property of the estate. Some of Shelby's postpetition actions on the debtor's behalf are clearly suspect and should be thoroughly investigated.[4] However, she insists she no longer performs any business functions for nor receives any mail on behalf of the debtor. Moreover, she avers that she will refuse to accept any mail of the debtor attempted to be delivered to her at either her current or any other address.[5]

Redirection of Shelby's mail would be a very substantial encroachment upon her constitutional right to privacy. Under the facts presented in this action, such an intrusion is unreasonable and not warranted, since less intrusive measures should adequately safeguard the trustee's interest. The court, however, shall enter an order requiring Shelby to accept and immediately make available to a neutral third party to be appointed by the court any and all mail delivered to her which is addressed to either the debtor or one of the sixty-eight (68) entities enumerated in Exhibit A to the trustee's complaint herein. Furthermore, any other mail, including but not limited to bank statements, addressed to Shelby relating to property which she even suspects may relate to property of the estate shall be made available and surrendered to the neutral third party appointed herein.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.

---

**4.** See 18 U.S.C.A. § 152 (Supp.1983).

**5.** Patricia Shelby's current address is 7240 Wellswood Lane, Knoxville, Tennessee.