**In re Bob COATS, Debtor.**

**Bankruptcy No. 385–31314 M–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Sept. 4, 1985.

Dawn M. Beck, Dallas, Tex., for debtor.

Arnaldo N. Cavazos, Jr., Dallas, Tex., Trustee.

M. Bruce Peele, Dallas, Tex., for Trustee.

### MEMORANDUM OPINION ON TRUSTEE'S MOTION FOR DECLARATORY JUDGMENT

ROBERT C. McGUIRE, Bankruptcy Judge.

Following are the Court's Findings of Fact and Conclusions of Law with respect to the Trustee's Motion for declaratory judgment and to compel debtor to turn over property of the estate (such Motion being filed August 20, 1985 and heard August 29, 1985). This is a core matter under 28 U.S.C. § 157(b)(1), (2)(A) and (E). Alternatively, the following, and any judgment in connection therewith, constitute proposed

Findings of Fact and Conclusions of Law pursuant to 28 U.S.C. § 157(c)(1).

On or about July 26, 1985, Mr. Peele, as attorney for the Trustee, Arnaldo N. Cavazos, Jr. ("Trustee"), delivered a letter to the U.S. Post Office in Rockwall, Texas directing the post office to forward Mr. Coat's ("Debtor") first class mail addressed to 202 Glenn, Rockwall, Texas, to Mr. Peele.

The Trustee's action was without notice, hearing or Court order. Pursuant to such action, Debtor's mail was diverted to the Trustee's attorney. Thereafter, attorneys for Debtor directed the Rockwall postmaster to ignore the Trustee's request and to deliver all mail to Debtor.

Pending hearing of the foregoing Motion and per agreed Court Order signed August 29, 1985, by this Court, the postmaster is holding Debtor's mail, which had not been previously delivered to the Trustee, until further Court order.

A prompt decision by this Court on this matter is in the best interest of all parties.

This case started out as an involuntary bankruptcy petition filed May 15, 1985, in which an interim Trustee was appointed on the same date. The Petitioning Banks alleged that Debtor was arrested for defrauding creditors and that Debtor had allegedly secured loans in excess of $1,000,-000 from the Petitioning Creditors and pledged as security counterfeit securities. On May 22, 1985, Debtor filed a Motion to convert to Chapter 11 and the case was converted to Chapter 11.

On July 3, 1985, an Order was signed, again appointing an interim Trustee.

On July 17, 1985, the case was converted to Chapter 7.

On August 14, 1985, an Order was entered granting the Motion of Promenade Bank to modify Order converting case to Chapter 7 by deleting authorization of Debtor to use certain assets of the estate.

This Court takes notice of prior hearings involving Debtor's reluctance, on a Fifth Amendment basis, to reveal information about assets of this estate, and also Orders in open court on the record, and this Court's Order signed August 21, 1985, enjoining Debtor from disposing of, or secreting, assets of his estate.

At the hearing on August 29, 1985, Trustee showed probable cause to support his belief that Debtor was not revealing all property of his estate.

Debtor has refused to answer questions from Trustee regarding his children's cars, the purpose of his office, or where his stock certificates are. From the diverted mail, Trustee has raised questions about whether Debtor has accurately answered questions concerning his ownership of interest in an oil and gas limited partnership. Since I am of the opinion that Trustee's initial diversion of Debtor's mail, without notice and opportunity for hearing, was improper, the fruits of such diversion will not be considered for the purposes of this opinion.

Two bankruptcy cases have dealt with redirection of a debtor's mail to a trustee. The earliest case is *In re Benny*, 29 B.R. 754 (Dist.Ct.N.D.Cal.1983), where the Court stated that the debtor is required to deliver all property of the estate to the trustee, as well as books and records relating to said property. According to the court, business related mail, including checks, is property of the estate. However, the court stated that the trustee must comply with the requirements of 11 U.S.C. § 542(e). The court discussed, in depth, the constitutional issues involved, to wit, debtor's First Amendment rights, Fourth Amendment rights, Fifth Amendment rights, and Sixth Amendment rights.

The second bankruptcy case involving redirection of mail is *In re Crabtree*, 37 B.R. 426 (Bankr.E.D.Tenn.1984).

Any order entered needs to assure due protection of Debtor's constitutional rights, and, likewise, recognize the potentially conflicting duty of the Trustee, as an officer of

the Court, and representative of the Debtor's creditors, to realize the maximum from the estate of the debtor.

■ Trustee's initial redirection of Debtor's mail, without notice to Debtor and opportunity for hearing, was improper and such mail presently in Trustee's possession should be turned over to Debtor.

■ Because Trustee showed probable cause to support his belief that Debtor is not revealing all property of his estate, the Court finds that it is necessary to appoint a disinterested third party (the "third party") to receive Debtor's mail until December 24, 1985, or until further order of this Court. It shall be the duty of the third party to maintain a record of each item of mail received by him on a daily basis. This record shall include a description of the item of mail, (*e.g.*, letter, postcard, small box, etc.), return address, and postmark. This record shall be maintained in confidence by the third party and contents not revealed, except upon further order of this Court. Immediately after proper notation on such list, any mail from an attorney and addressed to Debtor shall not be opened, but immediately forwarded by the third party to Debtor or his attorney, together with any unopened mail appearing to be of an obviously personal nature and not related to property of the estate. All business-appearing unopened mail and unopened mail appearing to be related to property of the estate shall be held by the third party and opened by Debtor, or his attorney, in the joint presence of Debtor, or his attorney, and the third party, but the contents not yet revealed to the third party. If Debtor or his attorney can show the third party, to third party's satisfaction, that such mail is Debtor's mail of a personal nature only, then such mail shall be released to Debtor or his attorney. If Debtor or his attorney is satisfied that such mail is related to property of the estate on which Debtor claims no constitutional privilege, then such mail is to be released by the third party to Trustee. If Debtor or his attorney claims that such mail is protected by Debtor's constitutional privileges, then such mail is to be resealed without third party having examined the contents and submitted by third party to the Court for *in camera* examination and ultimate release by the Court to Debtor or Trustee. The third party shall be compensated from the assets of Debtor's estate. The foregoing Order shall not continue beyond December 4, 1985, except for due cause shown after notice and hearing.

Nothing contained in the foregoing opinion shall be construed as an adverse comment on the attorneys for the Trustee or Debtor. The Court has the highest respect for the integrity and competence of all the attorneys involved.

The parties have twenty-four hours from now to attempt to agree on the name of a disinterested third party to insert in the Court's Order. Such agreement would be without prejudice to either party's position. In the absence of such name being furnished by September 5, 1985, at 10:00 a.m., I will select the name of the third party.

A judgment will be entered in accordance with the foregoing opinion. The Court reserves the right to make further Findings of Fact and Conclusions of Law. Because of the importance, to the parties of the issues involved, the Court will consider a motion of either party to stay the effect of the Judgment pending withdrawal of the reference or appeal so long as the Order signed August 29, 1985 remains in effect.