**UNITED STATES of America**

v.

**Ricardo SANTANA.**

**Cr. No. 54–61.**

United States District Court
D. Puerto Rico,
San Juan Division.

May 15, 1963.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Francisco Ponsa Feliu, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action came on for trial by jury on December 19, 1962.

At the trial the defendant filed a motion to suppress evidence.

After the jury was impaneled and sworn according to law, they were excused to the jury room, whereupon and in their absence the Court heard argument on the motion for suppression of evidence.

Thereafter the defendant and his counsel signed a waiver of trial by jury, which was consented to by the United States and approved by the Court.

The jury was thus excused and discharged.

The parties then stipulated that evidence be heard by the court and the action remain submitted to it both as to the motion for suppression and as to the merits. The evidence was so adduced and the court granted to the parties a period of 30 days, after transcript of testimony was filed by the reporter, to submit simultaneous briefs, each party to have, in addition, a period of 5 days after being served with copy of the other party's brief, to reply thereto.

All the briefs and reply briefs have been filed, the Court has given due consideration to all said briefs and to the transcript of testimony and is now duly advised in the premises.

Under the parties' stipulation if the court concludes that the motion for suppression were granted the defendant should be acquitted, but if the court should deny the motion for suppression, then the defendant must be found guilty of the offense charged.

Ex-Parte Jackson (1877) 96 U.S. 727, 24 L.Ed. 877, fully governs the matter at issue herein.

There, as here, non-mailable lottery material was deposited in a post office, it was opened by the postal authorities and found to be in violation of the postal laws. The defendant was convicted as a result of the search so made by the postal authorities. Defendant filed originally in the Supreme Court a petition for a writ of habeas corpus and certiorari contending that he had been deprived of his constitutional rights under the Fourth Amendment.

The Supreme Court, after discussing the scope of protection afforded by the Fourth Amendment in regard to the use of the mails, ruled that said protection does not extend to permit the use of the mail to transport corrupting material, such as lotteries, supposed to have a demoralizing influence upon the people, if under the postal regulations the mail matter pertained to the kind which was open to inspection, denied both writs and held that petitioner's conviction, sentence and imprisonment were legal.

The Court finds that under the postal regulations in evidence herein the parcel deposited by the defendant Ricardo Santana in the United States Post Office of Bayamón, was clearly open to inspection and, therefore, under Ex-Parte Jackson, supra, defendant had no right that its contents be suppressed as evidence in this action.

The cases cited by the defendant are not apposite to the factual and legal situation prevailing herein.

Therefore the defendant must be, as he is hereby found guilty of the offense charged.

Imposition of sentence is postponed until a pre-sentence report is filed.