Ricardo SANTANA, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6185.

United States Court of Appeals First Circuit.

March 31, 1964.

Certiorari Denied June 22, 1964. See 84 S.Ct. 1915.

Joseph T. Wynne, San Juan, P. R., Francisco Ponsa Feliu, San Juan, P. R., on the brief, for appellant.

Benicio Sanchez Rivera, Asst. U. S. Atty., Francisco A. Gil, Jr., U. S. Atty., on the brief, for appellee.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The only question on this appeal from a judgment of conviction and sentence for depositing lottery tickets in the mail in violation of Title 18 U.S.C. § 1302 is whether a package, mailed by the appellant and found on inspection by the postmaster at the place of mailing to contain 55 tickets of the lottery of Puerto Rico, was subject to opening and inspection without a search warrant.

The facts of the mailing are undisputed. On January 27, 1961, the defendant-appellant presented a package wrapped in paper and tied with a string weighing between three and four pounds at the parcel post window of the United States Post Office, Bayamon, Puerto Rico, and asked the postal clerk on duty to compute the necessary postage to forward the package to the addressee in New York City via air mail, special delivery and insured. The clerk did so, and the defendant paid $2.91 for air mail stamps, $.45 for special delivery and $.20 for insurance, making a total of $3.56. The clerk testified that he gave the defendant a receipt showing the postage paid, the insurance fee, the special delivery fee, the postmark of the post office and the date. After the postage was applied and the defendant had left, the postal clerk, being under the impression for some unknown reason that the package contained non-mailable meat delicacies, took it to his superior, the superintendent of mails, who removed the string, opened the paper wrapping and found the lottery tickets and copies of a local newspaper.

It was stipulated on motion to suppress made by leave of court at the trial that if the search of the package and the seizure of the lottery tickets were unlawful, the defendant should be acquitted, but if the search and seizure were legal, he should be found guilty. The court found the search and seizure legal and entered the judgment of sentence appealed from.

Whether the search was legal depends upon whether the parcel was first-class mail, for Title 39 U.S.C. § 4057 [1] provides: "Only an employee opening dead mail by authority of the Postmaster General, or a person holding a search warrant authorized by law may open any letter or parcel of the first class which

---

* By special designation.

1. Section references hereinafter are to Title 39 U.S.Code as it stood at the time of the mailing.

is in the custody of the Department." Whereas Postal Manual Regulation 311.-11 provides: "Mail other than first class mail may be opened for postal inspection, except official mail weighing more than four pounds."

To resolve the question whether the package was first class or other than first class we turn to the statute and Title 39 of the Code of Federal Regulations, C.F.R. hereinafter, as it read when the package was mailed.

■ The package was clearly "air parcel post" and as such might be of any class, for § 4301(2) reads: " 'air parcel post' means domestic air mail of any class weighing in excess of eight ounces." The amount of postage paid, $2.91, does not indicate the class of the package for the reason that § 4303(d) provided the same rate of postage on all air parcel post from Puerto Rico to New York. Nor does the amount paid for special delivery, $.45, aid in classifying the package, for that was the flat fee fixed by the Postmaster General pursuant to § 507 for special delivery of air parcel post weighing more than two but less than ten pounds. C.F.R. 56.2.

■ The fact that the package was insured but not registered, however, shows its proper classification. This is for the reason that while § 5001 permits the Postmaster General to make provision for indemnifying senders or owners of registered articles for loss, rifling or damage in the mails as part of the registry system, § 5006 authorizes the Postmaster General to provide for indemnification by insurance only for articles sent by third- or fourth- class mail. Since there is no authority for insuring unregistered mail of the first class, we conclude that the package was not first class but must have been accepted as either third- or fourth- class mail.

■ Since the appellant might have protected the privacy of his package by marking it first class, see C.F.R. 25.7, in which event he could not insure it, or by registering his package if in addition to privacy he also wanted insurance pro-

tection, we see no constitutional question under the unreasonable search and seizure provision of the Fourth Amendment. See Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877 (1877).

■ We find no need to discuss the appellant's contention that the package was "sealed" and therefore must be accorded the privilege of secrecy afforded to first-class mail, except to say, first, that merely covering a package with paper and tying it with a string appears to be the minimum wrapping appropriate for any class of mailing, and second, that sealing does not automatically provide first-class protection because, although C.F.R. 25.7 provides that fourth-class mail must be wrapped so that it may be easily examined, it also provides: "Mailing of sealed parcels at the fourth-class rate of postage is deemed to be the consent of the sender to postal inspection of the contents."

Judgment will be entered affirming the judgment of the District Court.