William W. Serra, J.
The defendant has been indicted in two counts for the crimes of criminal possession of dangerous drugs in the third degree and also in the sixth degree. This *667 is a motion to suppress a certain package which the defendant states in his moving affidavit contained 13% ounces of marijuana. For the purposes of this motion, it is agreed between the District Attorney and the defense as follows: “ On November 20, 1969 a confidential informant told the Police that a Dennis Fernbach would be receiving in Alfred a package with marijuana. The Police informed the Postal Inspector who opened the package, took a sample, gave it to the State Police for testing and it was found to be marijuana. On November 21st Kenneth Hopkins, the Postal Inspector, and Stuart Mills, of the State Police, made a deposition before Eugene Van Horn stating substantially the above and got a Search Warrant. Police were then stationed at the post office and the arrest was made.” The defendant further admits in his affidavit, that, ‘‘ I asked for a package for Fernbach, the postal clerk asked me if I was Fernbach, I said, 1 yes,’ and he gave it to me.” The search of the package was made by the postal inspector without a search warrant.
On these stipulated facts, the question submitted to the court is, then, whether the opening of the package by the postal inspector who together with a State Police Officer thereafter swore out and obtained a search warrant constitutes an illegal and/or unconstitutional violation of the defendant’s rights.
On the submission of briefs several points have been raised which will be discussed successively.
The People urge that the motion, first of all, does not need consideration at all by the court on its merits on the grounds that the defendant has no standing to challenge the inspection, citing People v. Cefaro (21 N Y 2d 252 [1967]); People v. Estrada (28 A D 2d 681 [1967], affd. 23 N Y 2d 719), and People v. Cardaio (30 A D 2d 843 [1968]). It is urged by the People that the defendant is aggrieved by the evidence as any defendant would be and not by the search, since the parcel in the possession of the post office belonged to the sender until delivered. The defendant urges that any person is aggrieved by an illegal search used against him, citing as authority United States v. Fay (344 F. 2d 625, 628); Jones v. United States (362 U. S. 257 [1960]), and United States v. Jeffers (342 U. S. 48). Clearly, the New York cases construing the New York statute cited above do not follow the theory urged by the defendant, nor do the United States cases go as far as urged in construing rule 41 (subd. [e]) of the Federal Buies of Criminal Procedure. It is held in both jurisdictions that the defendant must have a substantial possessory interest in the premises seized as a victim of the invasion of his privacy to involve *668 the Fourth Amendment of the United States Constitution. He must be the one against whom the search was directed and each case must depend on the precise factual background of search and seizure and the movant’s relation to the object seized or the premises searched. The indictment here, in both counts alleges that the defendant knowingly and unlawfully possessed substances which the law forbids him to have under such circumstances. The possession alleged necessarily imports as an element of. proof that the defendant, then, was either the alter ego of Dennis Fernbach or his knowing agent or the case would fail in meeting the statutory elements of proof. While it is generally true that a sender of mail may recall it (Code of Fed. Reg., tit. 39, § 153.5, and Postal Manual, § 153.5), it is also true that both parties have an insurable interest in the mail based upon the sender’s recall and the addressee’s delivery right and that unless recalled the addressee has a claimant’s right at destination which represents a consignment of an interest to him on delivery to the post office as carrier. The addressee may control the delivery of his mail, may have it forwarded, or held or reject it, or may otherwise exercise control over its delivery, (Code of Fed. Reg., tit. 39, § 164.1; pts. 157, 158). It must be held, therefore, that the alleged search was directed at the addressee as well as the sender, with whom we are not concerned here, and that it is claimed as a necessary element of proof that the defendant was an intended object of the transmission of the package having an interest therein. He is a person having a possessory interest in the parcel, and, therefore, a person properly claiming to be aggrieved, with standing to bring the motion under section 813-c of the Code of Criminal Procedure.
Much time is spent in the defendant’s briefs on the issue of whether, if an unlawful search was made, the warrant would be improper, and, therefore, the seizure suppressed. The rules laid down in Wong Sun v. United States (371 U. S. 471 [1963]) are so well developed in subsequent case law they hardly bear discussion here. The People, moreover, agree that if the search was unlawful the evidence should be suppressed under the poison fruit doctrine.
The defendant urges that there is no right to inspect mail matter except to determine whether proper postage has been paid. This restriction, however, applies only to first class mail or sealed mail having first class postage. (See 4 Wharton’s Criminal Law and Procedure, § 1572.) It is provided in section 4058 of title 39 of the U. S. Code that the Postmaster General may prescribe the manner of wrapping and securing mail *669 not charged with first class mail so the contents of the mail may be easily examined. It specifically authorizes the opening of other classes of mail to ascertain whether the proper postage has been paid and section 4057 prohibits the opening and examination of first class mail. Only first class mail bears the prohibition against opening. Section 4001 defines nonmailable matter, which includes by reference to section 1716 of title 18 of the U. S. Code poisonous drugs and materials as the same is implemented by the Postal Manual (§ 125.326).
While severest restrictions are placed on the protection of first class mail (U. S. Code, tit. 39, § 4057), such is not the case with parcel post. Section 4058 (subd. [a]) of title 30 provides, “4058. Wrapping matter not charged with first class postage, (a) The Postmaster General may prescribe the manner of wrapping and securing mail not charged with first class postage so that the contents of the mail may be easily examined. He shall charge the first class rate of postage on all matter which cannot be examined easily.” Section 135.7 of title 39 of the Code of Federal Regulations, being also section 135.7 of the Postal Manual, provides as follows: ‘ ‘ 135.7 Sealing. Fourth-class mail must be wrapped or packaged so that it can be easily examined. Mailing of sealed parcels at the fourth-class rates of postage is deemed to be the consent of the sender to postal inspection of the contents. To assure that their parcels will not be opened for postal inspection, patrons should, in addition to paying the first-class rate of postage, plainly mark their parcels first class or with similar endorsements.” Part 117 of the Postal Manual (Code of Fed. Reg., tit. 39, pt. 117) provides, “ Part 117 — mail treated in confidence. Sealed first-class mail while in the custody of the Post Office Department is accorded absolute secrecy. Ño persons in the Postal Service, except those employed for that purpose in dead-mail offices, may break or permit breaking of the seal of any matter mailed as first-class mail without a legal warrant, even though it may contain criminal or otherwise unmailable matter, or furnish evidence of the commission of a crime.” Section 331.11 of the Postal Manual, moreover, directing personnel in the manner of handling’ mail, specifically authorizes the inspection of mail other than first-class mail. It provides, ‘ ‘ 331.11 Opening for inspection. Do not break, or permit to be broken, the seal of first-class mail or open unsealed first-class mail or open unsealed first-class letters or parcels while in the custody of the Postal Service, unless you are employed for that purpose in a dead letter branch or a dead parcel post branch. You must observe this rule always, even though you know the letter contains *670 unmailable matter, criminal matter, or evidence for the conviction of a crime. Mail other than first class may be opened for postal inspection, except official mail. ’ ’
In construing the law applying to the right to open mail other than first-class mail, which is clearly protected by the Fourth Amendment to the United States Constitution, the case law is sparse. The most definitive case appears to be the 1877 holding of the United States Supreme Court in Ez parte Jackson (96 U. S. 727), the effect of which is to rule that if unlawful contents are found in mail which by law is open to inspection there can be no complaint as to its inspection. The principle has been followed in Santana v. United States (329 F. 2d 854, 855 [C. A. 1, Puerto Rico] cert. den., 377 U. S. 990): “ After the postage was applied and the defendant had left, the postal clerk, being under the impression for some unknown reason that the package contained non-mailable meat delicacies, took it to his superior, the superintendent of mails, who removed the string, opened the paper wrapping and found the lottery tickets and copies of a local newspaper.” (See, also, United, States v. Santana, 216 F. Supp. 631 [DC Puerto Rico 1963].) United States v. Beckley and Stone (335 F. 2d 86 [C. A. 6, Mich.], cert. den. 380 U. S. 922), although in turning in part on the principle that it is a customs case, indorses the theory in its discussion. It holds, in addition, that any delay caused by inspection and rewrapping of the package and failure to seize the contents prior to delivery does not require suppression of marijuana contained in the parcel. If the search in its inception was legal and the material contained in the parcel unlawful, there was no such violation of the statutes, rules and regulations or the Fourth Amendment as would require suppression of the evidence. No basic personal rights were involved. (United States v. Davis, 272 F. 2d 149 [C. A. 7, 1959].)
Having deposited a parcel in the mail pursuant to the law, rules and regulations which permit its inspection at any time, neither the sender nor, to the extent of his interest therein, the defendant, as parcel claimant, can complain of its lawful inspection. They have voluntarily submitted to the risk of the procedure which they adopted. Upon this holding the defendant’s arguments as to disclosure of the informant or tipster are meaningless. The rules of the warrant cases urged by the defendant are inapplicable to the situation. (People v. Malinsky, 19 N Y 2d 262; Spinelli v. United States, 393 U. S. 410 [1969].) Probable cause is not in issue on a finding that there has been a permissive or consent inspection.