STATE OF CONNECTICUT *v*. MAUREEN JENNINGS

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 9770

Memorandum filed December 24, 1974

*C. Robert Satti,* assistant state's attorney, for the state.

*Griswold Morgan,* of New London, for the defendant.

BARBER, J. The defendant has moved to suppress as evidence a quantity of cocaine. The seizure was authorized by a warrant supported by a proper affidavit. The affidavit recites, among other facts, that an envelope from Bogota, Colombia, had been intercepted by customs officials in New York and was found to contain cocaine.

It is the basic claim of the defendant that the action of the customs officials constituted an illegal search and that the fruits of that search cannot be derivatively used to support a subsequent search warrant. See *State* v. *Darwin,* 155 Conn. 124, 137.

It is the policy of customs officials to screen letter mail, arriving from outside the United States, which

may contain dutiable or prohibited items. They are prohibited, however, by regulation from reading or allowing others to read any correspondence contained in sealed letter mail of foreign origin unless a search warrant has been obtained in advance. 19 C.F.R. § 145.3 (1974). It appears from the evidence in this case that on September 26, 1974, a customs official in New York came across a white envelope, four by nine inches, marked "special delivery" and directed to a Connecticut address, with a return address of Bogota, Colombia. The envelope weighed fourteen grams. As this envelope was scanned by hand, the customs official felt something lumpy inside. The envelope was opened, and a small glassine bag with a powder therein was discovered. The powder was field tested and found to be cocaine. The powder weighed approximately five grams and was estimated to be worth about $750 for retail street sale. The correspondence in the envelope was not read or shown to anyone. Thereafter, the United States postal authorities were contacted for a controlled delivery to the addressee, and law enforcement officers were notified. A search warrant was applied for and obtained on October 9, 1974.

Searches by customs officials at or near international borders traditionally have been recognized as exceptional cases for fourth amendment purposes. Cook, Constitutional Rights of the Accused § 54. The federal statutes permit such searches without warrant where the customs official "may have a reasonable cause to suspect there is merchandise which was imported contrary to law." 14 Stat. 178, 19 U.S.C. § 482 (1970). Mail matter coming from outside the country is not subject to the same standards as mail moving entirely within the United States. *United States* v. *Beckley,* 335 F.2d 86, 88, cert. denied, 380 U.S. 922; cf. *State* v. *Anonymous*

*(1971–18)*, 6 Conn. Cir. Ct. 573 (first class mail moving within the United States). Probable cause is not a condition precedent to a proper border search. *King* v. *United States,* 348 F.2d 814, 817, cert. denied, 382 U.S. 926. Mere suspicion is sufficient. *Maguire* v. *United States,* 396 F.2d 327, 330, cert. denied, 393 U.S. 1099; note, 6 A.L.R. Fed. 317, 321.

The action of the customs official in this case was not only authorized but was prompted by reasonable suspicion. The nature and extent of the search also measured up to the constitutional requirement of reasonableness. The limited search by the customs official was lawful and reasonable. The information gained was not tainted or impermissible for use establishing probable cause for the state-issued search warrant, pursuant to which the evidence was seized. *United States* v. *Sohnen,* 298 F. Sup. 51; *State* v. *Gallant,* 308 A.2d 274 (Me.).

The motion to suppress is denied.