**UNITED STATES of America, Appellee,**

v.

**Harold Scott RILEY, Appellant.**

**No. 75–2262.**

United States Court of Appeals, Fourth Circuit.

Argued March 14, 1977.

Decided May 10, 1977.

Robert P. Geary, Richmond, Va., for appellant.

Ronald D. Hodges, Sp. Asst. U.S. Atty., Roanoke, Va. (Paul R. Thomson, Jr., U.S. Atty., Roanoke, Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and CRAVEN* and BUTZNER, Circuit Judges.

BRYAN, Senior Circuit Judge:

Harold Scott Riley appeals his conviction by a jury on indictment charging use of the mails to distribute hashish and to execute a fraudulent scheme. 21 U.S.C. §§ 841(a) and 843(b); 18 U.S.C. § 1341.

* Judge Craven participated in the hearing of this case and concurred in the decision and this opinion, but died before it was printed.

On August 23, 1973 Riley mailed a sealed package in Orleans, Massachusetts addressed to Roanoke, Virginia. It was sent fourth class, marked for special handling at an additional cost. A United States Customs Officer seized the package on August 28 at the U.S. Post Office in Boston, Massachusetts after his specially trained dog singled out the parcel because of its scent. The package was then delivered to a postal inspector, who opened it without a warrant. In it were 24 grams of hashish and an electronic "bypass" device employable to defraud the telephone company. The package was then returned to the mails, and postal inspectors in Roanoke were advised to obtain a warrant for its seizure upon arrival there. At trial, Riley's motion to suppress the evidence discovered in the warrantless search was denied. His conviction followed. On appeal he argues that the seized articles should have been suppressed because the package, sealed and marked for special handling, was immune from search.

While 39 U.S.C. § 4057 does prohibit the Postal Service from opening first class mail without a warrant, packages not bearing first class postage are open to inspection. 39 U.S.C. § 4058(a), (b). In implementing 39 U.S.C. § 4058, 39 CFR 111.5 incorporates Chapter I of the Postal Service Manual by reference. Part 135.7 specifies: "Mailing of sealed parcels at the fourth-class rates of postage is considered consent by the sender to postal inspection of the contents", Part 167.1 of the chapter begins "Special handling service is available for third- and fourth-class mail only . . . ." Thus, unlike first class mail, there is no expectation of privacy in the forwarding of fourth class mail. Such classification is not altered by the availability of "preferential handling to the extent practicable in dispatch and delivery" by payment of a special handling fee. *See* Postal Service Manual, Chapter I, Part 167.1.

Unquestionably Riley could have availed himself of the protection afforded by first class postage. This granted, there is nothing in the statutes or regulations giving ground for argument that the limiting of the privacy of fourth class mail places an unconstitutional burden upon the privacy of Riley's personal communications. *See Ex Parte Jackson,* 96 U.S. 727, 24 L.Ed. 877 (1878). Consignment of Riley's package to fourth class service plainly conferred consent to inspection of its contents. *See Santana v. United States,* 329 F.2d 854 (1 Cir. 1964).

Finally, the fact that the inspection sprang from only a suspicion of contraband is immaterial. It is well within the ambit of postal protection of the sanctity of the mails from unlawful use. Here the opening of the package was upon reasonable cause and altogether proper.

Affirmed.