UNITED STATES of America,
Plaintiff–Appellee,

v.

William Joseph FRAZIER,
Defendant–Appellant.

No. 93–9008
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 8, 1994.

Bruce S. Harvey, Law Offices of Bruce S. Harvey, Atlanta, GA, for appellant.

Joe D. Whitley, U.S. Atty., Sandra E. Strippoli, Asst. U.S. Atty., Atlanta, GA, for appellee.

Before HATCHETT, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendant–Appellant William Joseph Frazier was convicted by a jury of possessing methamphetamine with intent to deliver in violation of 21 U.S.C. § 841(a). Based on the amount of the controlled substance involved and Frazier's prior felony drug conviction, the district court imposed a twenty-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). On appeal, Frazier contends that the district court erred in calculating his sentence.

Frazier was convicted of possessing 441 grams of a substance that was 37 percent methamphetamine. The statute applied by the district court calls for a twenty-year mandatory minimum sentence for defendants with a prior felony drug conviction who possesses with intent to distribute

> 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers[.]

21 U.S.C. § 841(b)(1)(A)(viii). Frazier maintains that he was found guilty of possessing a "mixture or substance," containing a detectable amount of methamphetamine, weighing less than 1 kilogram total; therefore, he argues, the provision does not apply to him. The government counters that Frazier was in possession of 163 grams of methamphetamine (the amount of the drug in the substance Frazier possessed, calculated by multiplying its weight by its purity), a quantity in excess of the 100–gram threshold of the statute. The district court agreed with the government.

Although this court has not directly confronted an argument similar to Frazier's, three other circuits have. The First Circuit dealt with an analogous problem of statutory interpretation in *United States v. Stoner*, 927 F.2d 45 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 129, 116 L.Ed.2d 96 (1991). *Stoner* involved another provision of 21 U.S.C. § 841 imposing a five-year mandatory minimum for convictions involving 10 grams or more of methamphetamine, or 100 grams or more of a mixture. The defendant was convicted of distributing 82.9 grams of a substance containing 28.45 grams of methamphetamine. *Stoner*, 927 F.2d at 46. The defendant contended that the statute contemplated applying the mandatory minimum only if 10 grams of *pure* methamphetamine was involved; if the drug was in any type of mixture—regardless of the proportion of methamphetamine in that mixture—he argued that the mixture must weigh more than 100 grams for

the statute to apply. *Id.* The court pointed out that acceptance of the defendant's position would lead to anomalous results. For example, an offender with 95 grams of pure methamphetamine could add four grams of baking soda and escape the mandatory minimum, whereas a second offender with only 10 grams of the pure drug would be subject to a more severe penalty. The First Circuit rejected the "inference that Congress intended to offer an inducement to the offender with ten to 99 grams of methamphetamine to add a tiny amount of a dilutant and thereby escape the mandatory penalty." *Id.* Instead, the court found, "an individual is subject to the mandatory sentence if he commits an offense involving either 10 grams of the drug—however it is found—or 100 grams of a mixture containing any detectable amount of the drug, even if that is less than 10 grams." *Id.*

Aside from the fact that the instant case involves a larger amount of methamphetamine, it is indistinguishable from *Stoner.* Frazier criticizes the First Circuit's rationale by claiming that the statute's language is clear and unambiguous, stating plainly that the total weight of a mixture must exceed one kilogram for the mandatory minimum to apply. Frazier's reading of the statute, however, requires replacing the phrase "100 grams or more of methamphetamine" with "100 grams or more of *pure* methamphetamine." [1] Rather than resting on the statute's clear language, Frazier's construction requires a judicial rewriting that we decline to undertake. Frazier possessed 163 grams of methamphetamine; this conduct falls within the statute's bounds.

Two other circuits have adopted the *Stoner* rationale. *United States v. Alfeche,* 942 F.2d 697 (9th Cir.1991) (involving the same statutory provision at issue in the instant case); *United States v. Rusher,* 966 F.2d 868, 879–80 (4th Cir.) (involving the statutory provision at issue in *Stoner* ), *cert. denied,* —— U.S. ——, 113 S.Ct. 351, 121 L.Ed.2d 266 (1992). In addition, we have relied on these cases in a different context. In *United States v. Carroll,* 6 F.3d 735 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994), we interpreted the term "pure methamphetamine" as it was used in a now-amended sentencing guideline. Citing the *Stoner* line of cases, we concluded that the quantity of "pure methamphetamine" was to be determined through multiplying the purity of the mixture by its weight. *Carroll,* 6 F.3d at 746. This conclusion parallels our holding in this case: "100 grams of methamphetamine," as used in 21 U.S.C. § 841(b)(1)(A)(viii), refers to 100 grams of the drug however it is found.

In light of the statutory language, we find Frazier's arguments regarding statutory construction, congressional intent, and the rule of lenity to be without merit. We uphold the district court's imposition of the 20–year mandatory minimum sentence.

AFFIRMED.[2]

---

1. Even such a rewriting may not ultimately support Frazier. See our discussion of *United States v. Carroll, infra.*

2. Appellant's motion for oral argument is denied.