F I L E D
United States Court of Appeals
Tenth Circuit

MAR 11 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STACY DIANE COYOTE,

Defendant-Appellant.

No. 96-7090
(D.C. No. CIV-95-CV-169-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Stacy Diane Coyote, a federal inmate appearing pro se, requests a certificate of appealability to appeal the district court's dismissal of her motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We deny the certificate and dismiss the appeal.

On November 28, 1990, petitioner was convicted of conspiracy to possess and distribute methamphetamine, use of communication facility to facilitate distribution of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

methamphetamine, and possession with intent to distribute methamphetamine, and was sentenced to 120 months' imprisonment. Her convictions and sentence were affirmed on direct appeal. See United States v. Coyote, 963 F.2d 1328, 1329 (10th Cir. 1992).

Petitioner subsequently filed her pro se motion to vacate, set aside, or correct an illegal sentence, asserting she was denied effective assistance of counsel because her trial counsel failed to file a motion to suppress evidence prior to trial, and failed to challenge the type of methamphetamine at sentencing. The district court considered briefs from petitioner and the government and an affidavit from petitioner's trial counsel, and denied the motion on July 2, 1996. The court subsequently denied petitioner a certificate of appealability, and petitioner has asked this court to issue the requisite certificate of appealability. See United States v. Riddick, 104 F.3d 1239, 1240 (10th Cir. 1997) (certificate of appealability required when § 2255 movant files appeal after April 24, 1996).

After carefully examining the record, we agree with the district court that petitioner has not made a substantial showing of the denial of a constitutional right. To succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate her counsel's performance was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Although petitioner alleges her counsel erred in failing to file a motion to suppress, we conclude the filing of such a motion would have been pointless because the package seized and searched was a fourth class mailing which, under applicable postal regulations, is not sealed against inspection and therefore carried "no expectation of privacy." United

States v. Riley, 554 F.2d 1282, 1283 (4th Cir. 1977); see Santana v. United States, 329 F.2d 854, 856 (1st Cir.), cert. denied 377 U.S. 990 (1964).  Further, although petitioner alleges her counsel should have objected to the district court sentencing her on the basis of d-methamphetamine rather than l-methamphetamine, we agree with the government that petitioner was not prejudiced by defense counsel's failure to do so.  Petitioner was found to be in possession of a package containing 439 grams of 49% pure methamphetamine.  Because this equaled approximately 215 grams of pure methamphetamine, see United States v. Frazier, 28 F.3d 99, 101 (11th Cir. 1994), petitioner was subject to a mandatory statutory minimum sentence of 120 months, regardless of the type of methamphetamine involved.  See 21 U.S.C. § 841(b)(1)(A)(viii) (providing minimum 10-year sentence where offense involves "100 grams or more of methamphetamine"); United States v. Maza, 93 F.3d 1390, 1400 n.4 (8th Cir. 1996) (noting 21 U.S.C. § 841(b)(1)(A)(viii) does not differentiate between d-methamphetamine and l-methamphetamine), cert. denied 1996 WL 769298 (1997).[1]

The certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Petitioner argues that, at the time of her offense, § 841(b)(1)(A)(viii) and (b)(1)(B)(viii) prescribed conflicting statutory minimum punishments (*i.e.*, 10 years to life, and 5 to 40 years, respectively) for an offense involving 100 grams or more of a mixture or substance containing methamphetamine.  Although she is correct, see United States v. Kinder, 946 F.2d 362, 367-68 (5th Cir. 1991), cert. denied 503 U.S. 987 (1992), she fails to recognize she was in possession of 100 grams or more of pure methamphetamine.  Thus, notwithstanding the statutory conflict cited by petitioner, she was clearly subject to a 10-year minimum sentence under the first clause of § 841(b)(1)(A)(viii).