**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD JUNIOR STANBERRY,

    Defendant - Appellant.

No. 97-7040

E.D. Oklahoma

(D.C. No. 95-CV-143-S)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Petitioner Harold Junior Stanberry, a federal inmate appearing pro se, appeals from the district court's dismissal of his 28 U.S.C. § 2255 petition to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct an illegal sentence. We affirm the district court's dismissal of the petition.

In November 1990, petitioner was convicted of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846, distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), use of a communication facility to facilitate the distribution of methamphetamine in violation of 21 U.S.C. § 843(b), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). In accordance with the Presentence Report ("PSR"), the district court calculated petitioner's sentence based on the assumption that the offense involved d-methamphetamine and, in January 1991, sentenced petitioner to 210 months in prison followed by five years' supervised release. His convictions and sentence were affirmed on direct appeal in April 1992. See United States v. Stanberry, 963 F.2d 1323 (10th Cir. 1992).

In March 1995, petitioner filed in district court his pro se motion to vacate, set aside, or correct an illegal sentence, asserting he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress evidence prior to trial, failed to advise that jeopardy had attached when the government seized U.S. currency belonging to petitioner, and failed to challenge the type of methamphetamine at sentencing. The U.S. Magistrate Judge issued his Findings and Recommendation in November 1996, recommending that

petitioner's § 2255 motion be denied, and in March 1997, the district court adopted the Findings and Recommendation of the magistrate and denied petitioner's motion.[1]

To succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate that his counsel's performance fell "below an objective standard of reasonableness" and was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). After carefully examining the record, we conclude that petitioner has not succeeded in meeting this standard as to his first two claims that his counsel was ineffective for failing to file a motion to suppress and for failing to advise that jeopardy had attached upon the civil forfeiture. We conclude that petitioner's third claim, that his counsel was ineffective for failing to challenge the methamphetamine type at sentencing, is barred on procedural grounds.

---

[1]In an order of April 3, 1997, the U.S. District Judge also denied petitioner a certificate of appealability pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). See United States v. Riddick, 104 F.3d 1239, 1240 (10th Cir. 1997) (stating that a certificate of appealability is required when § 2255 movant files after the effective date of the Act, April 24, 1996), overruled on other grounds by United States v. Kunzman, No. 96-1310, 1997 WL 602507 (10th Cir. Oct. 1, 1997). We note, however, that this circuit has interpreted the Act to require a certificate only when the petition was filed in the district court after April 24, 1996. United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997). Here, petitioner filed his § 2255 motion in the district court in March 1995; thus, a certificate of appealability is not required.

First, petitioner alleges his counsel was ineffective for failing to file a motion to suppress evidence which was seized when a package sent by petitioner and addressed to co-defendant Stacy Coyote broke open at the Bulk Mail Center in Dallas, Texas, and was subsequently searched pursuant to a federal search warrant. Petitioner argues that the warrant was defective and that, as sender of the package, he has standing to object to the illegal search. Petitioner's Br. at 6-7.

We find it unnecessary to determine the issues of sufficiency of the warrant and standing because the package was mailed fourth class, as was determined by this court in the appeal of co-defendant Coyote. See United States v. Coyote, No. 96-7090, 1997 WL 107294, at *1 (10th Cir. March 11, 1997) ("[W]e conclude . . . the package seized and searched was a fourth class mailing . . . ."). As such, the package carried "no expectation of privacy."[2] Id.; see also United States v. Riley, 554 F.2d 1282, 1283 (4th Cir. 1977); Santana v. United States, 329 F.2d 854, 856 (1st Cir. 1964). Petitioner's counsel was not ineffective for failing to raise this

_____

[2]39 C.F.R. § 111.1, Post Office Services, incorporates by reference the Domestic Mail Manual, which indicates that fourth class mail is not protected from searches as is first class mail. In Part 115.22, the manual provides that "mail not sealed against inspection may be opened, surrendered, its contents inspected and read, or information concerning it released by an authorized postal employee only under the following conditions: . . . (b) without a search warrant in order to determine the mailability of the contents or whether the correct postage has been paid." In Part 115.232(b), "Mail Not Sealed Against Inspection" is defined to include second-, third-, and fourth-class mail, and non-mailable matter is defined in Part 124.364(d) to include controlled substances. See R. Vol. I at tab 3, Government's Response to Petitioner's Motion to Correct Sentence at 5, 7-8.

meritless claim.  See United States v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991).

Next, petitioner asserts his counsel was ineffective for failing to advise that jeopardy attached when the government seized $7,960.22 from petitioner.[3]  The Supreme Court has stated, "[C]ivil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause.  Congress has long authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause." United States v. Ursery, 116 S. Ct. 2135, 2147 (1996).  As above, the failure to assert a meritless issue does not constitute ineffective assistance of counsel. Dixon, 1 F.3d at 1084 n.5.

Finally, petitioner asserts that his counsel was ineffective for failing to require the government at sentencing to determine if the methamphetamine was type-d or type-l.[4]  Even if we accepted this assertion, we conclude that petitioner has waived this claim by failing to object to the Findings and Recommendation of

---

[3]We note that an additional $800 was seized from a briefcase found in petitioner's apartment.  However, because the State of Oklahoma seized this money, this forfeiture is irrelevant for purposes of Double Jeopardy considerations because the United States was not a party to its forfeiture.

[4]As of November 1, 1995, the distinction between methamphetamine types has been eliminated, and l-methamphetamine is now treated the same as d-methamphetamine. See United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996).

the magistrate in which the magistrate concluded that petitioner had not disputed the existence of prejudice established by the government pursuant to Rule 9(a) and that therefore, this issue was precluded.[5]  See R. Vol. I at tab 12, U.S. Magistrate's Findings and Recommendation at 11; R. Vol. I at tab 13, Objections to the Report and Recommendation of the U.S. Magistrate Judge.  Generally, failure to make timely objection to the magistrate's findings or recommendations waives the right to appellate review of those findings, whether legal or factual. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).  Here, we find that the magistrate complied with the special protections we have required for pro se litigants,[6] and we do not find that the "interests of justice" exception applies.  See

---

[5]A motion under 28 U.S.C. § 2255 may be filed at any time; therefore, there is no diligence requirement per se.  United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir. 1988).  However, if the government first makes a "particularized showing of prejudice in its ability to respond," id., the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay is "based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred."  Rules Governing § 2255 Proceedings, Rule 9(a).  To establish a showing of prejudice, the government provided a letter from the Oklahoma County District Attorney's office indicating that all of the drug evidence seized from petition has been destroyed and cannot be retested.  See  R. Vol. I at tab 3, Government's Response to Petitioner's Motion to Correct Sentence, Exhibit 1.

[6]We require "magistrates within the circuit to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgement of the district court based upon the findings and recommendations of the magistrate.  This notice should be included in the text of the document containing the magistrate's findings and recommendations."  Moore, 950 F.2d at 659 (citations omitted).  The U.S. Magistrate here satisfied these requirements.  See R. Vol. I at tab 12, U.S. Magistrate's Findings and Recommendation at

(continued...)

id. (stating that the waiver rule as a procedural bar need not be applied "when the interests of justice so dictate").  We conclude, therefore, that this issue has been effectively waived by petitioner.[7]

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[6](...continued)
11.

[7]In any event, petitioner's argument is meritless.  He does not deny the government's assertion that it obtained and furnished to his counsel a laboratory report identifying the drugs seized from petitioner's home on August 14, 1990, as d-methamphetamine.  See R. Vol. I at tab 3, Government's Response to Petitioner's Motion to Correct Sentence at 12.  Rather, he asserts:  "Whatever these [tested] items were, they were not part of the offense of conviction," R. Vol. 1 at tab 13, Petitioner's Objections to the Report and Recommendation of the U.S. Magistrate Judge at 2-3; "The government failed to show that the substance was ever tested," Petitioner's Br. at 8; and  "[The] laboratory report . . . has no bearing on the drugs [he] was tried and sentenced for," Petitioner's Reply Br. at 4.  Translated liberally, these statements seem to present the argument that petitioner's counsel failed to adequately investigate the origins of the samples tested in the laboratory report.  This argument is wholly conclusory and unsubstantiated in any way.  See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (concluding that "[a]lthough we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).